# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| JEFFREY LYN UNDERWOOD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:15CV00513 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| C. BEAVERS, ET AL., | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*Jeffrey Lyn Underwood, Pro Se Plaintiff.*

This case is presently before me on plaintiff Underwood's motion seeking interlocutory injunctive relief related to his alleged heart condition. The Office of the Attorney General has filed a response to this motion, attaching the affidavit of Dr. E. Osemobor, Underwood's treating physician at Keen Mountain Correctional Center, to which Underwood has responded. After review of Underwood's submissions and the doctor's affidavit, I cannot find that interlocutory injunctive relief is warranted.

In his civil rights complaint under 42 U.S.C. § 1983, Underwood alleges that he suffered heart failure from an infection that developed after a canine attack on October 7, 2014. He allegedly underwent two surgeries on his heart in January and June 2015 at the Medical College of Virginia ("MCV"). In September 2015,

concerned that the surgeries had not fully corrected his heart problems, Underwood asked prison authorities for a second opinion by another heart specialist. Instead, officials transferred him to Keen Mountain. Underwood claims that although prison officials knew that his heart was not beating correctly, they moved him to Keen Mountain, far away from his treating physician, where he cannot get the specialized medical care he believes he needs.

Dr. Osemobor's affidavit states that the Keen Mountain medical staff have been closely monitoring Underwood's heart condition and providing treatment. Underwood underwent an EKG on October 16, 2015, and on October 22, the prison doctor evaluated him for complaints of pain below his heart. The doctor noted a upcoming, previously scheduled telemedicine consultation with an MCV cardiologist. In the meantime, the prison doctor decreased one medication, ordered another medication for ten days, and ordered additional lab work. According to Dr. Osemobor, the lab and EKG results showed normal levels, and the cardiology consultation is scheduled for February 5, 2016, with additional follow up consultations as MCV professionals believe necessary.

Because preliminary injunctive relief is an extraordinary remedy, the party seeking such relief must make a clear showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor; and that an injunction is in the

-2-

Case 7:15-cv-00513-PMS   Document 41   Filed 12/30/15   Page 2 of 4   Pageid#: 332

public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Each of these four factors must be satisfied.[1]  *Id.*

I do not doubt Underwood's allegations that he has suffered discomfort and distress related to his heart condition. I cannot find, however, that he is *likely* to suffer irreparable harm from his condition during the normal course of this litigation in the absence of the requested preliminary injunctive relief directing prison officials to take particular actions. I also cannot find a substantial likelihood of success on the merits of Underwood's claims. The record evidence, including his own submissions, indicates that the medical staff are providing ongoing evaluation and treatment for his heart problems. Moreover, he is also scheduled for reevaluation by a specialist in the near future. Underwood's mere disagreement with the medical staff's judgments about when this consultation should occur or what additional diagnostic testing and treatment is warranted for his current symptoms is not sufficient to support a constitutional claim actionable under § 1983. *See Germain v. Shearin*, 531 F. App'x 392, 395 (4th Cir. 2013) (unpublished) (noting that medical professional's inadvertent or negligent actions

---

[1] The plaintiff requests a temporary restraining order and a preliminary injunction. Temporary restraining orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. *See* Fed. R. Civ. P. 65(b). Such an order would only last until such time as a hearing on a preliminary injunction could be arranged. As it is clear from the outset that the plaintiff is not entitled to a preliminary injunction, the court finds no basis upon which to grant him a temporary restraining order.

or plaintiff's disagreement concerning "'[q]uestions of medical judgment'" do not satisfy constitutional standard of deliberate indifference) (quoting *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir.1975)).  As Underwood thus fails to make at least two of the four required showings under *Winter,* I must deny his motion for interlocutory injunctive relief.

A separate order will be entered in accordance with this opinion.

DATED: December 30, 2015

/s/  James P. Jones
United States District Judge

-4-

Case 7:15-cv-00513-PMS   Document 41   Filed 12/30/15   Page 4 of 4   Pageid#: 334