# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **JEFFREY LYN UNDERWOOD,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:15CV00513 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **C. BEAVERS, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendants. | ) | |

*Jeffrey Lyn Underwood, Pro Se Plaintiff.*

This case is presently before me on Plaintiff Jeffrey Lyn Underwood's second motion seeking interlocutory injunctive relief related to treatment from officials at Keen Mountain Correctional Center for his alleged heart condition. The Office of the Attorney General responded to Underwood's previous motion, attaching an affidavit from his treating physician. In light of evidence that appropriate health care professionals were closely monitoring Underwood's heart condition, I denied interlocutory injunctive relief. In his current motion, Underwood asserts that a scheduled examination by a heart specialist was delayed and he continues to fear that his heart condition is worsening. The motion seeks interlocutory relief directing Keen Mountain officials to provide appropriate treatment.

The record reflects, however, that Underwood is no longer incarcerated at Keen Mountain. He is currently housed at River North Correctional Center, and his medical care is being monitored by the medical staff at that facility. Accordingly, I can only conclude that his request for interlocutory injunctive relief directed at Keen Mountain officials must be dismissed as moot. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (prisoner's transfer rendered moot his claims for injunctive and declaratory relief); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir.1987) (holding that transfer of a prisoner rendered moot his claim for injunctive relief).

A separate order will be entered in accordance with this opinion.

DATED: June 13, 2016

/s/ James P. Jones
United States District Judge